IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GREATER MOUNT ZION BAPTIST CHURCH, § § § | |
| Plaintiff, § § | |
| VS. § | CIVIL ACTION NO. H-10-3921 |
| § | |
| HARRY BLAKER and UNION INSURANCE CO., § § § § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

This is a suit to recover insurance proceeds and damages for breach of contract and under TEX. INS. CODE §§ 541.060, 541.151. The defendants timely removed and filed a verified plea in abatement. (Docket Entry Nos. 1, 5, 6). The defendants invoked the Texas Insurance Code requirement that a plaintiff seeking damages under the statute must give prior written notice of the complaint and the amount of damages sought, including fees, "not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154. The defendants asked this court to abate the suit until the 61st day after the plaintiff provided the statutory written notice of its claims under the statute. (Docket Entry No. 5). The plaintiff did not respond.

Section 541.154(a) of the Texas Insurance Code states: "[a] person seeking damages in an action against another person under this chapter must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154(a). The notice must advise the other person of "the specific complaint" and the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other

person." *Id.* § 541.154(b). There is an exception to this requirement if "giving notice is impracticable because the action: (1) must be filed to prevent the statute of limitations from expiring . . . ." *Id.* § 541.154(c)(1). Finally, § 541.155 provides that a person who does not receive presuit notice may file a plea in abatement. "The court shall abate the action if, after a hearing, the court finds that the person is entitled to an abatement because the claimant did not provide the notice as required by Section 541.154." *Id.* § 541.155(a), (b).

The purpose of the 60-day notice requirement under the Texas Insurance Code is to "discourage litigation and encourage settlements of consumer complaints." *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992) (quoting *John Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 242 (Tex. 1985)).[1] The notice requirement is intended to give a defendant insurer a right and opportunity to make a settlement offer. TEX. INS. CODE § 541.156; *see also In Re Behr*, No. 04-05-00895-CV, 2006 WL 468001, at *2 (Tex. App.—San Antonio Mar. 1, 2006, no pet.) (holding that without presuit notice, a defendant "is denied his right to limit his damage exposure through an offer of settlement as contemplated by sections 541.156–.159 of the Insurance Code"). If a plaintiff fails to comply with the notice requirement, "abatement of the action for the statutory notice period is more consistent with the purpose of notice than dismissal." *Hines*, 843 S.W.2d at 469. The statutory written notice must advise the other party in reasonable detail of "the specific complaint" and "the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b)(1), (2); *see also Richardson v.*

---

[1] Both the Texas Insurance Code and the Deceptive Trade Practices Act (DTPA) require a plaintiff to give 60 days' notice to a defendant before filing suit. The purpose of the requirement is the same under both statutes, "to encourage settlement and avoidance of litigation." *Cleo Bustamante Enters., Inc. v. Lumbermens Mut. Cas. Co.*, No. Civ. A. SA-05-CA0433, 2005 WL 1586994, at *1 (W.D. Tex. June 30, 2005) (citing *Hines*, 843 S.W.2d at 469). Cases involving the DTPA notice provision are instructive on whether the requirements of the Texas Insurance Code notice provision have been met.

*Foster & Sear*, *LLP*, 257 S.W.3d 782, 786 (Tex. App.—Ft. Worth 2008, no pet. h.) (finding that a six-page letter from the plaintiff stating the causes of action, specific factual allegations, and specific damages satisfied the presuit notice requirement).

In this case, there is no indication in the record that a statutory notice letter has been filed. The pendency of limitations does not excuse the requirement. Under the applicable precedent, the plaintiffs must "plead and offer some proof" that giving notice was "rendered impracticable." *See Cleo Bustamante Enters.*, 2005 WL 1586994, at *1 ("Plaintiff has not offered any proof as to why the proper notice, including the amount of economic damages, expenses, and attorneys' fees reasonably incurred, could not have been given 60 days prior . . . ."); *Behr*, 2006 WL 468001, at *2 (abating the plaintiff's suit even though the plaintiff could not provide notice within the statute of limitations because the plaintiff could identify all named defendants six months before filing suit). There is no pleading or proof that limitations made the statutory notice "impracticable."

Nor could the plaintiff argue that the state court petition provides notice. This state court petition provides neither reasonable detail of "the specific complaint" or "the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b)(1). The content of the petition does not meet the requirements of the statutory notice.

The motion for abatement is granted. This case is abated until 60 days after the plaintiff provides written notice to the defendants as required by Texas Insurance Code § 541.154.

SIGNED on February 14, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

3